SEVERIN R. RODIN, Doing Business as PAN AMERICAN SUPPLY COMPANY, Plaintiff, v. UNIVERSAL BUTTON COMPANY, Defendant.

Supreme Court, Special Term, Queens County, July 11, 1962.

*Ehrich Stock Valicenti Leighton & Holland* for defendant. *Stanley H. Borak* for plaintiff.

ANTHONY M. LIVOTI, J. Plaintiff, by separate notice of motion, moves (1) for summary judgment and (2) to modify defendant's demand for a bill of particulars. Defendant cross-moves for an order directing plaintiff to serve " an amended complaint wherein shall be set forth a plain and concise statement of the plaintiff's claim separately stated as to causes of action ".

The cross motion is denied. Not only is the complaint not objectionable upon the grounds stated, but defendant has, by answering, waived the right to urge them (*Bradford* v. *27 East 38th St. Realty Corp.*, 4 A D 2d 830).

Plaintiff's motion for summary judgment is granted. The complaint contains a single, sufficient cause of action to recover damages for breach of contract. That contract is spelled out by documents which speak for themselves and whose construction is for the court (*Martocci* v. *Greater N. Y. Brewery*, 301 N. Y. 57, 64).

Plaintiff's offers were contained in his letters of April 3, 1961 and of April 5, 1961. (See 1 Williston, Contracts [3d ed.], § 27, p. 64.) Defendant accepted those offers according to their terms by its purchase order which was signed by its vice-president and general manager and by its purchasing agent and which expressly referred to those letters. (Cf. *Terry Contr., Inc.,* v. *Commercial Ins. Co. of Newark, N. J.,* 16 Misc 2d 475, 476, affd. 3 A D 2d 655, appeal dismissed 2 N Y 2d 995.) Together, those documents constituted the written contract between the parties, a complete and clear contract which more than satisfies the requirements of the Statute of Frauds, assuming its applicability to such a contract (but see Personal Property Law, § 85, subd. 1, amd. by L. 1960, ch. 287, § 1, eff. September 1, 1960; *Morse* v. *Canasawacta Knitting Co.,* 154 App. Div. 351, affd. 214 N. Y. 695; *E. G. Lbr. Co.* v. *New York Bondstone Corp.,* 15 Misc 2d 987 [App. Term, 2d Dept.]).

Defendant's statements that its purchase order for $60,800 worth of machines, folding devices and tools was delivered to plaintiff " Solely in order to be permitted such observation [i.e., of the machinery in production] and for no other purpose " and as " some special form of persuasion " or to " impress " Doerpinghaus, the manufacturer, and thus persuade him to show defendant's representatives what they wanted to see, are not only incredible but are unsupported by any objective evidence in this case and are not in any event provable (*Nightingale* v. *J. H. & C. K. Eagle, Inc.,* 205 N. Y. 628, revg. 141 App. Div. 386, upon the dissenting opinion of INGRAHAM, P. J.).

Establishment of an irrevocable domestic letter of credit payable in New York was, of course, an essential term of the contract, but plaintiff's offers plainly did not look to the establishment of such letter before they could be accepted by defendant. What was expected was that such performance be promised, i.e., that defendant agree to that term of payment, which it did by executing its purchase order.

In the opinion of this court there is no genuine, substantial issue of fact to be tried in this case except as to plaintiff's damages. The order to be entered hereon will provide for the manner in which that issue is to be tried (Rules Civ. Prac., rule 113, subd. 3).

Plaintiff's motion to modify defendant's demand for a bill of particulars is dismissed as academic.